NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Ocean Township Board of Education

        Plaintiff,

v.

E.R. o/b/o O.R.,

        Defendant.

Civ. No. 13-1436

**OPINON**

THOMPSON, U.S.D.J.

The matter comes before the Court on the motion of Plaintiff Ocean Township Board of Education. (Doc. No. 1). Plaintiff seeks a temporary restraining order barring Plaintiff O.R., a student, from attending Ocean Township High School and a preliminary injunction placing him in the alternative educational setting during the pendency of his disciplinary proceedings. (Doc. Nos. 1 and 10). The Court has decided the motion based upon oral arguments and written submissions. For the reasons set forth below, the motion is granted.

BACKGROUND

O.R. is an eighteen-year-old male and is currently a senior at Ocean Township High School. (Doc. No. 1 at 8). He is eligible for special education benefits and services and is classified as "multiply disabled." (*Id.*). O.R.'s disabilities include Attention Deficit Hyperactivity Disorder, Impulse Control Disorder, and Adjustment Disorder of Childhood. (*Id.* at 8-9). Prior to the incident at hand, O.R. had a series of behavioral problems at school, including one "horseplay" incident that caused the injury of a fellow student. (*Id.*).

On October 31, 2013, O.R. was removed from Ocean Township High School after he was found to be in possession of a three-inch-long knife and alcohol on school premises. (*Id.* at 10).

1

Student was then placed in an alternative educational setting of home instruction for forty-five days pending further disciplinary action by the Board of Education.  (*Id.*).

On November 5, 2013, a manifestation hearing held by the IEP Team found that O.R.'s actions were not a manifestation of his disabilities and disorders.  (*Id.*).  Neither O.R. nor his parent have contested the findings of this hearing.  On November 19, 2013, the Board of Education held a formal disciplinary hearing after which O.R. was suspended for the remainder of the school year.  (Doc. No. 1 at 12).  O.R. filed an action for expedited due process, challenging the Board of Education's long-term suspension.

On February 6, 2014, Administrative Law Judge Patricia Kerins issued an "Order [for] Emergent Relief."  Pursuant to this Order, O.R. was placed back in Ocean Township High School.  On February 21, 2014, Plaintiff filed a Complaint with this Court appealing the February 6 Order.  Plaintiff also filed an Order to Show Cause with Temporary Restraints, seeking to enjoin O.R. from attending Ocean Township High School.

## STANDARD OF REVIEW

When examining an IDEA case, the district court generally applies a modified version of de novo review and is required to give due weight to the factual findings of the Administrative Law Judge.  *L.E. v. Ramsey Bd. of Educ.,* 435 F.3d 384, 389 (3d Cir.2006) (citations omitted).  "Under this standard, '[f]actual findings from the administrative proceedings are to be considered prima facie correct,' and '[if] a reviewing court fails to adhere to them, it is obliged to explain why.'"  *Shore Reg'l High Sch. Bd. of Educ. v. P.S.,* 381 F.3d 194, 199 (3d Cir. 2004)(quotations omitted).  However, the question of what constitutes a student's "current educational placement" under IDEA's "stay put" provision is one of law.  *See R.S. v. Somerville Bd. of Educ.*, 2011 WL 32521 (D.N.J. Jan. 5, 2011).

2

ANALYSIS

To be granted the "extraordinary relief of a temporary restraining order, a plaintiff must demonstrate four things: (1) that [it is] reasonably likely to prevail eventually in the litigation and; (2) that [it is] likely to suffer irreparable injury without relief.  If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendant] more than denying relief would harm the plaintiff [ ... ] and (4) whether granting relief would serve the public interest." *Fed'n of State Massage Therapy Boards v. Acad. of Oriental Therapy, LLC*, 2013 WL 5888094 (D.N.J. Oct. 28, 2013) (citing *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.,* 710 F.3d 99, 105 (3d Cir. 2013).  A plaintiff must show that all four factors weigh in favor of a TRO.  *Opticians Ass'n of Am. v. Indep. Opticians of Am.,* 920 F.2d 187, 192 (3d Cir.1990).  The Court will examine each factor in turn.

    i.    *Likelihood of Success on the Merits*

The current dispute arises under the stay put provision of the IDEA, 20 U.S.C. § 1415(j).  *See, e.g., Susquenita Sch. Dist. v. Raelee S.,* 96 F.3d 78, 82 (3d Cir. 1996).  This "provision was included in the IDEA to protect handicapped children and their parents during the review process."  *Id.*  The stay put provision states in relevant part: "[D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child [. . . ]."  20 U.S.C. § 1415(j).  The relevant inquiry thus becomes the identification of "the then current educational placement," of the handicapped student.  *See, e.g.*, *Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864-65 (3d Cir. 1996) (citation omitted).

The test for determining the current educational placement is "the operative placement actually functioning at the time the dispute first arises." *Id.* at 867.  This test is as follows:

3

> If an IEP has been implemented, then that program's placement will be the one subject to the stay put provision. And where . . . the dispute arises before any IEP has been implemented, the 'current educational placement' will be the operative placement under which the child is actually receiving instruction at the time the dispute arises.

*Id.* (quoting *Thomas v. Cincinnati Bd. of Educ.,* 918 F.2d 618, 625–26 (6th Cir.1990)).

The child's placement during the pendency of proceedings is also affected by the type of act involved. In special circumstances, the child can be removed to the alternative setting and kept there until the proceeding is completed. These circumstances are implicated here.

Specifically, school personnel have the authority to remove "a student to an interim alternative education setting for not more than 45 school days *without regard* to whether the behavior is a manifestation of the child's disability, if the child" does one of the following:

> (1) Carries a weapon to or possesses a weapon at school, on school premises, or to or at a school function under the jurisdiction of an SEA or an LEA;
>
> (2) Knowingly possesses or uses illegal drugs, or sells or solicits the sale of a controlled substance, while at school, on school premises, or at a school function under the jurisdiction of an SEA or an LEA; or
>
> (3) Has inflicted serious bodily injury upon another person while at school, on school premises, or at a school function under the jurisdiction of an SEA or an LEA.

34 C.F.R. § 300.530. In these circumstances, "the child must remain in the interim alternative educational setting . . . ." 34 C.F.R. § 300.533.

However, if the child's action was not caused by his disability, IDEA and the stay put provision do not apply to the disciplinary action. *See Board of Education of Community High School District No. 218 v. Illinois State Board of Education,* 103 F.3d 545, 548 (7th Cir.1996) (if "the behavior that triggered the expulsion could have been caused by the child's disability, [then] the procedural protections of the IDEA, rather than the disciplinary measures of the school, were

4

warranted," suggesting that converse is true as well); *Doe v. Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200*, 115 F.3d 1273, 1280 (7th Cir. 1997). "[T]he IDEA does not express an intent, either expressly or impliedly, to shield special education students from the normal consequences of their misconduct if that misconduct has nothing to do with their disabilities." (*Id.*); *Stuart v. Nappi*, 443 F. Supp. 1235, 1243 (D. Conn. 1978 ) ("[h]andicapped children are neither immune from a school's disciplinary process nor are they entitled to participate in programs when their behavior impairs the education of other children in the program"). In these cases, the child would also stay in the alternative setting during the pendency of the proceeding.

Here, O.R.'s actions of carrying a knife seemingly allowed the school to remove him for a period of 45 days. *See* 34 C.F.R. § 300.530. After this removal, the school held a disciplinary hearing, at which point O.R. was given the one-year suspension at issue. Therefore, it appears that his then current setting would be the alternative setting. Second, the school held a manifestation hearing during which they found that the actions did not stem from O.R.'s disability. (*See* Doc. No. 1 at 10). Accordingly, the Court finds that Plaintiff has a substantial likelihood of showing that the stay put provision should not allow O.R. back into school during the pendency of the proceedings.

    ii.    *Irreparable Harm*

Next, Plaintiff must show that he will suffer irreparable harm if the motion is denied. *Miller v. New Jersey*, 2013 WL 2149692 at *4 (D.N.J. 2013). Irreparable harm is a harm that "cannot be redressed by a legal or an equitable remedy following a trial." *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir.1994). Here, Plaintiff argues that it has a statutory duty to ensure safety and order in the school community. N.J.A.C. 6A:16-7.1.(A). To this end, the school must implement and enforce a student code of conduct. N.J.A.C. 6A:16-7.1(b). According to the

Assistant Principal of the school, O.R. has been tardy multiple times, has been disruptive of lessons, has left class without permission, and recently hurled an inappropriate insult at a school employee. (Doc. No. 6 at 1-3). Given O.R.'s actions leading up to the suspension and his subsequent acts, Plaintiff has shown the potential for irreparable harm. *See Goss v. Lopez*, 419 U.S. 565 (1975); *Maryland v. King*, 133 S. Ct. 1, 3 (2012).

    *iii.*    *Harm to Plaintiff Compared to Harm to Defendant*

Here, Defendant argues that the alternative setting is inferior to the normal school setting and that Defendant will also be harmed by not getting to finish his senior year with his peers. (Doc. 10 at 5). While these considerations are important, Defendant has committed several serious violations of the school code, including violations that could potentially have harmed fellow students. On the balance, the harm to Plaintiff substantially outweighs the harm to Defendant.

    *iv.*    *Public Interest*

While the IDEA affords certain protections to disabled students, the IDEA does not "immunize" disabled students from the consequences of misconduct that does not arise from their disability. *See, e.g.*, *Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200*, 115 F.3d at 1280; *Stuart*, 443 F. Supp. at 1243. O.R. does not dispute the findings of the manifestation hearing, thus it seems that the actions were not a manifestation of his disability. Plaintiff has a legitimate interest in, and obligation to provide, safe and productive learning environments. Given O.R.'s actions to date, Plaintiff has satisfied this requirement as well.

### CONCLUSION

For the reasons stated above, the motion is granted.

                                                            */s/ Anne E. Thompson*
                                                   ANNE E. THOMPSON, U.S.D.J.